**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| JOSEPH L. MANSON III,<br>  d/b/a LAW OFFICES OF<br>  JOSEPH L. MANSON III<br>  600 Cameron Street<br>  Alexandria, VA 22314<br><br>       Plaintiff/Stakeholder,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br>  A Delaware Limited Liability Company<br><br>  404 East 55th Street, Suite 13A<br>  New York, NY 10022<br><br>LOEB & LOEB, LLP,<br>  A California Limited Liability Partnership<br><br>  345 Park Avenue<br>  New York, NY 10154<br><br>STURM LAW PLLC,<br>  A Texas Professional Limited<br>   Liability Company,<br><br>  712 Main Street, Suite 900<br>  Houston, TX 77002-3260<br><br>  and<br><br>LANG & ASSOC., PLLC,<br>  A Texas Professional Limited<br>  Liability Company<br><br>  440 Louisiana St, Suite 900<br>  Houston, TX 77002<br><br>       Defendants/Claimants. | Civil Action No. 1:18-cv-219-CMH/JFA |

**COMPLAINT FOR INTERPLEADER**

Interpleader-Plaintiff Joseph L. Manson, III, d/b/a Law Offices of Joseph L. Manson III, by and through counsel, brings this Complaint for Interpleader against Interpleader-Defendants Universitas Education, LLC ("Universitas"); Loeb & Loeb, LLP ("Loeb"); Sturm Law PLLC ("Sturm"); and Lang & Associates, PLLC ("Lang"). This Complaint for Interpleader is brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity between the Interpleader-Plaintiff and the various Interpleader-Defendants and the amount in controversy exceeds $75,000.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391, because the property that is the subject of this dispute, which amounts to Eight Million Dollars ($8,000,000.00) (hereinafter, the "Settlement Payment"), is situated in Interpleader-Plaintiff's escrow account in the City of Alexandria in this judicial district.

## PARTIES

3. Interpleader-Plaintiff is an attorney doing business as the Law Offices of Joseph L. Manson III.  He is a citizen of Virginia.

4. Universitas is a Delaware limited liability company with its principal place of business in New York.  Its only members, Sharon Siebert and Donna Vassar, are both citizens of New York.  Universitas has asserted a claim to the Settlement Payment.

5. Loeb is a law firm and a California limited liability partnership. Loeb has asserted a claim to the Settlement Payment. Upon information and belief, Loeb's partners are citizens of California, Illinois, New York, Tennessee, and Washington, D.C.

6. Sturm is a law firm and a Texas professional limited liability company located at 712 Main Street, Suite 900, Houston, Texas 77002. Sturm has asserted a claim to the Settlement Payment. Upon information and belief, Sturm's sole member, Charles A. Sturm, is a citizen of Texas.

7. Lang is a law firm and a Texas professional limited liability company located at 440 Louisiana Street, Suite 900, Houston, Texas 77002. Lang has asserted a claim to the Settlement Payment. Upon information and belief, all Lang's members, including Shannon A. Lang, are citizens of Texas.

## REQUEST FOR INTERPLEADER RELIEF

8. Universitas is the beneficiary of the proceeds of two life insurance policies issued by Lincoln Life Insurance Company ("Lincoln") on the life of Sash A. Spencer. The Charter Oak Trust (the "COT") was the beneficiary of the Spencer policies, which were held in the COT.

9. Mr. Spencer died in June of 2008. In May of 2009, Lincoln paid the Spencer policy proceeds, plus interest, to the COT. The COT denied Universitas's claims to the proceeds.

10. Universitas subsequently commenced an arbitration against Nova Group, Inc. ("Nova"), the Named Trustee of the COT.

11. Universitas obtained an arbitration award against Nova, which was confirmed by the United States District Court for the Southern District of New York,

Case No. 1:11-cv-01590-LTS-HBP.  Nova failed to pay the award, prompting Universitas to engage in collection efforts. Universitas was represented by Loeb in the arbitration against Nova and in the related collection efforts.

12.     On or about April 6, 2015, Universitas also commenced arbitration against Wilmington Savings Fund Society, FSB ("WSFS"), the Insurance Trustee of the COT, with the American Arbitration Association, Case No. 01-15-003-1194 (the "Arbitration"). At the time, Universitas was represented by Shannon A. Lang and Charles A. Sturm. Universitas subsequently terminated that representation and engaged the Law Offices of Joseph L. Manson III.

13.     On or about February 26, 2018, Universitas and WSFS reached a full and final settlement of the Arbitration.  Universitas agreed to dismiss its claims against with WSFS with prejudice in exchange for, among other things, compensation in the amount of Twelve Million Dollars ($12,000,000.00 USD).

14.     As described therein, the Settlement Agreement required WSFS to wire the sum of Eight Million Dollars (the "Settlement Payment") to an escrow account at Branch Bank & Trust in the name of Interpleader-Plaintiff (Account Number 0000258221575, the "Escrow Account").[1]

15.     Within two days of receiving the Settlement Payment to the Escrow Account, the Settlement Agreement required Interpleader-Plaintiff to commence this

---

[1] The Settlement Agreement also required WSFS to wire the additional sum of Four Million Dollars ($4,000,000.000), which constitute Interpleader-Plaintiff's attorneys' fees for representing Universitas in the Arbitration, to a trust account in the name of Interpleader-Plaintiff. These funds are not the subject of this dispute.

4

interpleader action naming all lienholders who may have a claim to any portion of the Settlement Payment.

16. Sturm has claimed an attorneys' lien against 35% of the proceeds, if any, recovered in the Arbitration. As alleged by Sturm, Sturm's claim to the Settlement Payment amounts to $4,200,000.00 USD.

17. Loeb has also asserted a claim to the Settlement Payment. As alleged by Loeb, Loeb's claim to the Settlement Payment amounts to at least $4,109,906.52 USD.

18. Lang has asserted a claim to the proceeds, if any, recovered in the Arbitration. On information and belief, Lang's alleged claim to the Settlement Payment amounts to at least $200,000.00.

19. On information and belief, Universitas also has a substantial claim to the Settlement Payment.

20. Pursuant to the Settlement Agreement, on February 27, 2018, the Settlement Payment was wired to the Escrow Account.

21. Pursuant to the Settlement Agreement, and because Interpleader-Plaintiff reasonably believes that the competing claims for payment exceed the amount of the Settlement Payment, Interpleader-Plaintiff brings this Complaint for Interpleader.

## COUNT I – INTERPLEADER

22. Interpleader-Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 above as though fully set forth herein.

23. Interpleader-Plaintiff believes that Interpleader-Defendants' claims exceed the Settlement Payment, so that any attempt to make payment may result in multiple litigation and expose Interpleader-Plaintiff to conflicting and multiple liabilities.

24. Interpleader-Plaintiff is neutral regarding each party's entitlement to the Settlement Payment, including the entitlement of the Interpleader-Defendants, and therefore seeks discharge from this action and from any liability with respect to the Settlement Payment.

**PRAYER FOR RELIEF**

WHEREFORE, Interpleader-Plaintiff respectfully requests this Court:

a. issue an Order requiring the Interpleader-Defendants to interplead all of their claims under or with respect to the Settlement Payment;

b. issue an Order granting the Interpleader-Plaintiff leave to deposit the entirety of the Settlement Payment, amounting to $8,000,000.00, into the registry of the Court, and providing that, upon such deposit, the Interpleader-Plaintiff and its employees and agents shall be discharged from all liability to the Interpleader-Defendants under or in connection with the Settlement Payment;

c. enter a preliminary and permanent injunction enjoining the Interpleader-Defendants from instituting or prosecuting any action in any court, state or federal, against the Interpleader-Plaintiff and its agents or employees asserting any claims, rights, causes of action, or demands of any nature, known or unknown, under or in connection with the Settlement Payment;

d. enter judgement discharging the Interpleader-Plaintiff and its agents and employees from all further liability relating in any way to the Settlement Payment or any demands that may be made in connection with the Settlement Payment; and

      e. grant any further relief as this Court may deem just and proper.

Dated: February 27, 2018

                        LAW OFFICES OF JOSEPH L. MANSON III
                        By Counsel

                        _____/dib/_____
                        David I. Bledsoe
                        VSB 29826
                        600 Cameron Street, Suite 203
                        Alexandria, VA  22314
                        703-379-9424
                        703-684-1851(fax)
                        bledsoelaw@earthlink.net