UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---------------------------------------------------------------X
:
JOSEPH L. MANSON III, d/b/a LAW :
OFFICES OF JOSEPH L. MANSON III, :
: No. 1:18-cv-219-CMH/JFA
Plaintiff/Stakeholder, :
:
-against- : **ANSWER AND DEFENSES**
:
UNIVERSITAS EDUCATION, LLC, LOEB :
& LOEB LLP, STURM LAW PLLC, and :
LANG & ASSOC., PLLC, :
:
Defendants/Claimants. :
:
---------------------------------------------------------------X

Defendant Loeb & Loeb LLP ("Loeb") answers the Complaint for Interpleader (the "Complaint") of Joseph L. Manson III, d/b/a Law Offices of Joseph L. Manson III ("Plaintiff") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, except admits that the amount in controversy exceeds $75,000.

2. Denies knowledge or information as to the location of the Eight Million Dollars ($8,000,000.00), denies the remaining allegations in Paragraph 2, and further avers that the property that is the subject of this dispute are the proceeds of the settlement of an arbitration between Defendant/Claimant Universitas Education, LLC ("Universitas") and Wilmington Savings Fund Society FSB ("WSFS") in the total amount of $12 million (the "WSFS Arbitration").

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, except admits that Interpleader-Plaintiff is an attorney.

4. Admits the allegations in Paragraph 4, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Universitas has asserted a claim to the Settlement Payment (as that term is defined in the Complaint).

5. Denies the allegations in Paragraph 5, except admits that Loeb is a law firm and limited liability partnership formed under the laws of the State of California, and admits that Loeb has a claim to the Settlement Payment (as that term is defined in the Complaint), and further avers that Loeb has obtained a judgment against Universitas in the Supreme Court of the State of New York, County of New York, Index No. 152078/2018, in the amount of $4,083,330.84, plus statutory interest at the rate of 9% (the "Judgment") for amounts due to Loeb by Universitas, which Judgment was filed on March 12, 2018 with the Circuit Court for the City of Alexandria, Virginia, JLD No. JD18001316.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**REQUEST FOR INTERPLEADER RELIEF**

8. Denies the allegations in Paragraph 8, except admits that Universitas was a beneficiary of the Charter Oak Trust Employee Welfare Benefit Plan, which owned the referenced life insurance policies issued by Lincoln Life Insurance Company ("Lincoln") on the life of Sash A. Spencer ("Spencer").

9. Denies the allegations in Paragraph 9, except admits that Spencer died in June 2008, and that in May 2009 Lincoln paid a total death benefit of $30 million (plus interest), and

that Universitas' claims to the death benefit proceeds were denied, and further avers that the death benefit proceeds were paid by Lincoln to Wayne Bursey.

10. Admits the allegations in Paragraph 10.

11. Admit the allegations in Paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, except admits that an arbitration was commenced against WSFS, the Insurance Trustee of the Charter Oak Trust Employee Welfare Benefit Plan, with the American Arbitration Association and that the Law Offices of Joseph L. Manson III was engaged by Universitas to represent it in the WSFS Arbitration.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and respectfully refers the Court to the settlement referenced therein for its full and complete terms in context, and further avers, upon information and belief, that Universitas was paid $12 million by WSFS to settle the WSFS Arbitration (the "WSFS Settlement Monies").

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except denies that the $4 million referenced in footnote 1, that has been retained personally by the Plaintiff, is not the subject of this dispute, and respectfully refers the Court to the referenced Settlement Agreement for its full and complete terms in context.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and respectfully refers the Court to the Settlement Agreement referenced therein for its full and complete terms in context.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and further avers, upon information and belief, that Defendant Sturm Law PLLC (the "Sturm Firm") was terminated for cause and is not entitled to a contingency fee.

17. Admits in Paragraph 17 that Loeb has asserted a claim to the Settlement Payment (as that term is defined in the Complaint), and further avers that Loeb holds a Judgment against Universitas, that the full amount of the Judgment remains unpaid, that Loeb is owed amounts in addition to the Judgment, including, without limitation: (a) legal fees, costs, and expenses that were billed to Universitas after the amount confessed in Universitas' November 22, 2017 Affidavit of Confession of Judgment (the "Affidavit"); (b) 9% statutory judgment interest (which totals approximately $32,000 per month) since the entry of the Judgment on March 8, 2018; (c) a 13% Special Fee on WSFS settlement amount of $12,000,000, for a Special Fee of $1,560,000; (d) a 13% Special Fee on amounts collected by Loeb since the Judgment was entered and on amounts to be collected in the future for Universitas in actions where Universitas has acted as counsel; (e) 8% interest on Loeb's unpaid invoices; and (f) Loeb's attorneys' fees and costs in this action and in obtaining its Judgment and pursuing collection of same.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and Loeb further avers that, given the size of Lang's monetary claim and the time and expense to litigate its validity, Loeb does not object to an Order from this Court authorizing a payment to Lang of $200,000 from the WSFS Settlement Monies.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and respectfully refers the Court to the Settlement Agreement for its full and complete terms in context.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and respectfully refers the Court to the Settlement Agreement for its full and complete terms in context.

## COUNT I – INTERPLEADER

22. Loeb repeats and realleges the allegations of Paragraphs 1 through 21 above, as though fully set forth herein.

23. Denies the allegations in Paragraph 23.

24. Denies the allegations in Paragraph 24.

## DEFENSES

25. Without in any way admitting any of the allegations of the Complaint, and without admitting or suggesting that Loeb bears the burden of proof on any of the following issues, Loeb alleges the following separate and independent defenses. Loeb specifically reserves the right to add, remove, or otherwise change its defenses as discovery proceeds in this action and additional facts come to its attention.

### First Defense

26. Plaintiff's action as against Loeb is barred by the doctrine of compromise and settlement, as Loeb and Universitas have fully and finally resolved the Judgment and their disputes concerning the WSFS Settlement Monies, and the Court should direct and authorize Plaintiff to transfer to Loeb the sum of $3.77 million immediately from the WSFS Settlement

Monies. Loeb's Judgment and the other amounts due to Loeb accrue interest from March 8, 2018 forward at a rate no less than the New York statutory rate of 9% per annum.

**Second Defense**

27. Plaintiff's action as against Loeb is barred by the doctrine of accord and satisfaction, as Loeb and Universitas have fully and finally resolved the Judgment and all claims between them concerning the WSFS Settlement Monies, and the Court should direct and authorize Plaintiff to transfer to Loeb the sum of $3.77 million immediately from the WSFS Settlement Monies.

**Third Defense**

28. Loeb holds a final and enforceable Judgment against Universitas in the amount of $4,083,330.84, plus statutory interest at the rate of 9% from March 8, 2018. The Judgment and a writ of *fieri facias* were filed in the Circuit Court for the City of Alexandria, Virginia against all assets of Universitas in Virginia, including the WSFS Settlement Monies. As a result of Loeb's Judgment lien, Loeb has priority over each Defendant and Plaintiff to the WSFS Settlement Monies.

**Fourth Defense**

29. Loeb's Judgment against Universitas is subject to the full faith and credit doctrine and should be satisfied out of the $12 million WSFS Settlement Monies.

**Fifth Defense**

30. Plaintiff's complaint is barred, in whole or in part, because this dispute is subject to mandatory New York arbitration, pursuant to arbitration agreements contained in Loeb's engagement letter with Universitas and in the Sturm Firm's engagement letter with Universitas.

**Sixth Defense**

31. New York is the proper venue to hear this dispute among other reasons, that the Judgment at issue was obtained in New York, both of Universitas' members reside in New York, the legal services provided by Loeb to Universitas were rendered from Loeb's New York office, and Universitas' principal place of business is in New York. Therefore, this action should be transferred to New York pursuant to 28 U.S.C. § 1404.

**Seventh Defense**

32. Pursuant to Universitas' express written agreements with Loeb, Loeb has a charging lien in the amount of its legal fees and expenses against the WSFS Settlement Monies, which charging lien was created as of April 12, 2010. Loeb provided "crucial," substantial and necessary legal advice, services and support in the WSFS Arbitration and is entitled to have its Judgment satisfied from the WSFS Settlement Monies. Loeb's charging lien should be accorded priority over any charging lien claimed by the Sturm Firm and Plaintiff.

**Eighth Defense**

33. Universitas has waived any and all objections to Loeb's attorneys' fees, costs, and expenses by executing the Affidavit (as that term is defined in ¶ 17 hereof) with the advice of its chosen legal counsel, which Affidavit provided, among other things, that the debt due Loeb by Universitas was justly due and owing, was a lawful and unconditional obligation of Universitas, and that Universitas had no defenses to the amounts due to Loeb.

**Ninth Defense**

34. Universitas asserted a claim in the WSFS Arbitration for recovery of all of Loeb's attorneys' fees, costs, and expenses billed to in connection with Universitas' efforts to collect

from the Charter Oak Employee Trust Welfare Benefit Plan, representing that all Loeb's attorneys' fees, costs and expenses were reasonable, just, necessary, and proper. Universitas is estopped from now claiming that Loeb's attorneys' fees, costs, and expenses were improper in any respect.

## **Tenth Defense**

35. Plaintiff fails to state any claims upon which relief may be granted.

## **Eleventh Defense**

36. Plaintiff's claims are barred, in whole or in part, by legal and/or equitable estoppel.

## **PRAYER FOR RELIEF**

WHEREFORE, Loeb respectfully requests this Court:

a) Dismiss the Complaint in its entirety against Loeb or, alternatively, authorize and direct the payment of $3,770,000 to Loeb out of the WSFS Settlement Monies;

b) Award appropriate equitable and monetary relief in an amount to be determined by the Court; and

c) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated:  May 18, 2018

/s/
John David Taliaferro (Va. Bar. 71502)
LOEB & LOEB LLP
901 New York Ave., NW
Suite 300-E
Washington, DC  20001
Tel. (202) 618-5015
jtaliaferro@loeb.com

Paula K. Colbath (admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Ave
New York, NY  10154
Tel. 212.407.4000
pcolbath@loeb.com

*Attorneys for Loeb and Loeb LLP*

16242399

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018 a true and accurate copy of the foregoing was electronically filed with the Court using the CM/ECF system. I also certify that a copy of the foregoing was mailed, U.S. Mail, first-class, postage pre-paid, to the following party not yet receiving an NEF from the Court:

> LANG & ASSOC., PLLC,
> 440 Louisiana St., Suite 900
> Houston, TX 77002

          /s/
      John David Taliaferro (Va. Bar. 71502)